TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6148
     Facsimile: (213) 894-0141
     E-mail:    maria.stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00755-SVW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT TANIA SHANAE OLIVER |
| v. | |
| TANIA SHANAE OLIVER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Maria Elena Stiteler, hereby files its sentencing position for defendant TANIA SHANAE OLIVER ("defendant").

//
//
//
//
//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the United States Probation Office's ("USPO") Presentence Investigation Report ("PSR") and Letter, and such further evidence and argument as the Court may permit.

Dated: January 24, 2022        Respectfully submitted,

                                          TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        */s/ Maria Elena Stiteler*
                                        MARIA ELENA STITELER
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In 2015 and 2016, defendant took part in an invasive "shoulder surfing" ATM fraud scheme.  Over eight months, defendant stole more than $50,000 from 119 different Bank of America customer accounts.  Accepting responsibility for this scheme, defendant pleaded guilty to Count One of the Indictment, which charged defendant with bank fraud.  (Plea Agreement (Dkt. 130).)

In the PSR (Dkt. 151), the USPO calculated defendant's total offense level as 13 (with acceptance of responsibility) and her criminal history category as II.  (PSR ¶¶ 29-39, 43-47.)  The USPO further calculated defendant's Guidelines Range as 15 to 21 months' imprisonment and recommended that the Court impose a low-end sentence of fifteen months of incarceration, followed by a three-year period of supervised release, restitution of $50,890 to Bank of America, and a $100 mandatory special assessment.  (PSR ¶ 93; Disclosed Recommendation Ltr. (Dkt. 130).)

The government concurs with the USPO's Guidelines calculations and with its recommended sentence.  For the reasons set forth below, the government asks this Court to impose a low-end sentence of fifteen months of imprisonment, a three-year period of supervised release, restitution to Bank of America in the amount of $50,890, and a special assessment of $100.

**II.  STATEMENT OF FACTS**

Beginning around May 23, 2015, and continuing to around April 25, 2016, defendant took part in a scheme to defraud Bank of America by repeatedly misrepresenting herself as actual bank customers.  (PSR ¶¶ 17-19; Plea Agreement ¶ 11.)  Specifically, both

alone and in coordination with other co-conspirators, defendant would loiter around various Bank of America ATMs, secretly watching as bank customers used their Bank of America ATM cards at the ATMs. (Id.) After misappropriating the ATM PIN of an unwitting bank customer, defendant would wait for the customer to complete their transaction and walk away. (Id.) If the customer failed to completely terminate all ATM access to the customer's account, defendant would access the customer's bank account by immediately going to the ATM, requesting another transaction, and re-entering the stolen PIN. (Id.) After fraudulently gaining access to the customer's account, defendant would then execute, and attempt to execute, multiple withdrawals of cash from the customer's Bank of America account. (Id.)

As part of this scheme, defendant made fraudulent and unauthorized cash withdrawals from approximately 119 separate customer accounts and thereby stole at least $50,890 from Bank of America. (Id.) Of the four co-defendants, this defendant (Oliver) has been linked to the second-largest loss amount.[1]

**III. THE PLEA AGREEMENT**

On October 4, 2021, defendant pleaded guilty pursuant to a plea agreement to Count One, charging defendant with Bank Fraud in violation of 18 U.S.C. § 1344(2). In the plea agreement, the parties agreed on the following Sentencing Guidelines calculations:

---

[1] Co-defendant Leonard Cordell Williams, Jr., admitted to being responsible for approximately $30,760 in loss (Dkt. 41, ¶ 12); co-defendant Marvin Wayne Bryant, Jr., admitted to being responsible for approximately $53,680 in loss (Dkt. 142, ¶ 14); and co-defendant Angelina Rena Shaw admitted to being responsible for approximately $14,800 in loss (Dkt. 128, ¶ 11).

2

| | | | |
|---|---|---|---|
| **Base Offense Level:** | | 7 | U.S.S.G. § 2B1.1(a)(1) |
| **Specific Offense Characteristics** | | | |
| Loss exceeded $40,000: | | +6 | U.S.S.G. § 2B1.1(b)(1)(D) |
| Offense involved 10 or more victims: | | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| **Adjustments** | | | |
| Acceptance of Responsibility: | | -2 | U.S.S.G. § 3E1.1(a) |

(Plea Agreement, ¶ 12.) These agreed-upon calculations result in a total offense level of 13. The government also agreed to move for dismissal of the remaining counts against defendant, including Count Twenty-Eight, which charges defendant with a violation of 18 U.S.C. § 1028A (Aggravated Identity Theft).

**IV.   THE PRESENTENCE REPORT AND LETTER**

In the PSR, the USPO calculated a total offense level of 13 (consistent with the parties' plea agreement) and a criminal history category of II. (PSR ¶¶ 29-39, 43-47.) A total offense level of 13 and a criminal history category of II results in an advisory Guidelines Range of 15-21 months' imprisonment. (Id. ¶ 93.) The USPO also determined that restitution is mandatory in this case, with a total amount of $50,890 due to Bank of America. (Id. ¶ 103.)

In sum, the USPO recommends the following:

- a special assessment of $100, due immediately;
- restitution to victim Bank of America in the total amount of $50,890, with defendant to be held jointly and severally liable with co-defendant Marvin Wayne Bryant, Jr., for $2,820 and with co-defendant Angelina Rena Shaw for $1,200 of that restitution amount;
- that all fines be waived due to defendant's inability to pay;

3

- that defendant be imprisoned for 15 months, at the low-end of the Guidelines Range; and
- that upon release from imprisonment, defendant be placed on supervised release for a term of three years.

The government agrees with the USPO's calculations regarding total offense level, Criminal History Category, and restitution. The government further agrees with the USPO's sentencing recommendation, for the reasons explained below.

**V. ANALYSIS UNDER THE SECTION 3553(a) FACTORS**

Based on the total offense level of 13 and the USPO's determination that defendant is in Criminal History Category II, the government recommends a low-end term of imprisonment of 15 months, followed by a three-year term of supervised release. The government believes that such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

**A. The Nature and Circumstances of the Offenses**

First, the nature of the offense was both brazen and intrusive. The fraud required defendant to be in physical proximity to the victims as they entered their PIN, raising the risks of a physical altercation and heightening the invasiveness of the fraudulent offense. Moreover, defendant's fraud was widespread. Defendant stole from 119 different Bank of America customers, well above the 10 victims required for the +2 sentencing enhancement. Ultimately, defendant's conduct is accurately reflected within the Guidelines calculation.

**B. Defendant's Personal History and Characteristics**

Defendant has three prior criminal convictions, including a 2019 conviction for identity theft after defendant, while working as an

4

employee at a café, stole a customer's credit cards and used those credit cards in several fraudulent transactions. (PSR ¶ 45.) Further, defendant has violated the conditions of her pretrial supervision on several occasions. Defendant's recent history shows that her actions in this case were not aberrational, but rather that there is an ongoing need to protect the public from defendant's further crimes.

To the extent there are mitigating elements of defendant's conduct and personal history, including her reported addiction to marijuana and codeine syrup and injury, these elements weigh in favor of a low-end sentence of fifteen months' imprisonment and not a below-Guidelines sentence. Indeed, defendant's drug use has continued even after her placement on pretrial supervision in this case (as shown by her three violations for marijuana use) (PSR ¶ 71), and defendant's injury took place in December 2015, seven months after she first engaged in the charged criminal activity (compare PSR ¶¶ 25, 66 with PSR ¶ 17 (charged conduct began in May 2015)).

**C.  Restitution**

Pursuant to 18 U.S.C. § 3663A, the government seeks $50,890 in restitution to be paid to Bank of America, N.A. The government submits that defendant should be held jointly and severally liable for $1,200 of this amount with co-defendant Angelina Rena Shaw and jointly and severally liable with co-defendant Marvin Wayne Bryant, Jr., for $2,820 of this amount.

Based on the USPO's review of defendant's financial condition, the government agrees that defendant lacks the ability to pay restitution immediately and in full at this time. Consequently, the government requests that the Court make a finding that, in the

interest of justice, restitution is to be paid in installments and order that restitution be paid in accordance with the schedule set forth in the USPO's recommendation letter. However, to ensure the ongoing enforcement of the mandatory restitution order, the government respectfully requests that the Court also order the following:

1) Defendant's criminal restitution debt will be referred to the Treasury Offset Program through the procedures set forth in 31 U.S.C. §§ 3720A and 3716 to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to defendant's outstanding fine or restitution balance until defendant's liability to pay any fine or restitution order has expired or been satisfied;

2) The defendant shall notify the Financial Litigation Section of the United States Attorney's Office for the Central District of California before transferring any interest in property, owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations; and

3) The United States Probation & Pretrial Services Office shall preserve and provide the Financial Litigation Section of the United States Attorney's Office for the Central District of California with all the financial documentation relied upon in the preparation of the Presentence Report, including any net worth and cash flow statements completed by the defendant.

**VI. CONCLUSION**

For all of the foregoing reasons, the government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence that includes a 15-month term of imprisonment, a three-year period of supervised release, and payment of a $100 special assessment and $50,890 in restitution to Bank of America.